# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **ADAM W. HAYNES,** | ) **Civil No. 1:20-cv-00826** |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) **COMPLAINT AND** |
| **PITTSBURGH GLASS WORKS, LLC,** | ) **DEMAND FOR JURY TRIAL** |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |
| | ) |

Plaintiff, Adam W. Haynes ("Haynes" or "Plaintiff"), by and through counsel, brings this action for violations of the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2601 *et seq.*, against Pittsburgh Glass Works, LLC ("PGW" or "Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1.      Defendant unlawfully interfered with Plaintiff's FMLA rights by unlawfully allowing co-workers, a manager, and a supervisor to harass Plaintiff to perform and/or assist with work while on leave.

2.      Defendant unlawfully retaliated against Plaintiff in violation of the FMLA by terminating his employment based on a performance assessment that heavily considered his absences during his FMLA leave.

## THE PARTIES

3.      Plaintiff is an adult individual who is a resident of Ronda, North Carolina.

4.      Defendant is a foreign limited liability company registered and in good standing in the state of North Carolina.

## JURISDICTION AND VENUE

5.    The Court has original federal question jurisdiction under 28 U.S.C. § 1331 for claims brought under the FMLA for unlawful interference and retaliation.

6.    The Court has personal jurisdiction because Defendant conducts substantial business in Surry County, North Carolina, which is located within this judicial district.

7.    Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Surry, North Carolina, which is located within this judicial district.

## COVERAGE ALLEGATIONS

8.    At all times hereinafter mentioned, PGW has been an employer within the meaning of the FMLA, 29 U.S.C. § 2611(4).

9.    At all times hereinafter mentioned, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2), meaning that Defendant employed him for at least 12 months, and he performed at least 1250 hours of service with Defendant during the 12-month period preceding the termination of his employment.

## PLAINTIFF'S FACTUAL ALLEGATIONS

10.    Defendant employed Plaintiff on or about May 7, 2013 as a General Maintenance Mechanic III at the company's Elkin, North Carolina Location.

11.    On or about May 25, 2018, Defendant promoted Plaintiff to the position of Senior Maintenance Technician.  In this position, Plaintiff reported directly to and was supervised by Defendant's Maintenance Manager, Mark Patterson ("Patterson").

12.    On or about October 15, 2019, Plaintiff suffered from a traumatic brain injury, which prevented him from performing his job duties. As such, due to the severity of his injury,

Case 1:20-cv-00826-LCB-JEP   Document 1   Filed 09/09/20   Page 2 of 6

Defendant approved Plaintiff's FMLA leave request starting from October 15, 2019, through on or about January 14, 2020.

13.     Throughout Plaintiff's approved leave, Plaintiff received several calls, texts, and an email from co-workers and a maintenance supervisor requesting assistance/instructions on how to perform certain tasks.

14.     On or about October 16, 2019, Will Fritz, one of Defendant's building grounds engineers, texted Plaintiff to request help regarding an issue with a chiller.

15.     On or about October 31, 2019, James Wagner, one of Defendant's silk screen room technicians, texted Plaintiff for work-related assistance.

16.     In or around the first week of November, Joey Gentry ("Gentry"), one of Defendant's windshield process technicians, called Plaintiff for assistance in redefining a press machine. Plaintiff provided assistance to Gentry shortly thereafter.

17.     On or about November 14, 2019, Eduardo Vargas, another one of Defendant's silk screen room technicians, texted Plaintiff pictures of a test fixture and requested his assistance.

18.      In or around early December 2019, Defendant's Human Resources Department emailed Plaintiff that he needed to attend a mandatory meeting for the company on December 11, 2019 at 5:00pm. Although still recovering from his traumatic brain injury and out on FMLA leave, Plaintiff abided by Defendant's instructions to attend the meeting to avoid disciplinary action.

19.     On or about December 19, 2019, Mark Coe ("Coe"), one of Defendant's maintenance supervisors, called Plaintiff to inquire about the autoclave pressure vessel ratings.

20.     On or about December 27, 2019, while still on FMLA leave Defendant instructed Plaintiff to drive to a FedEx Pick-Up location in Hickory, North Carolina to pick up materials on behalf of the company.  Still unaware of his rights under the FMLA and worried about losing his job if he disobeyed Defendant's instructions, Plaintiff picked up the materials and drove them to Defendant's facility.

21.     On or around December 31, 2019, Coe called Plaintiff regarding assistance with bolt torques.

22.     On or about January 16, 2020, Plaintiff returned from his FMLA leave and began working his regular work schedule.

23.     Five workdays later, Melissa Kraftchick ("Kraftchick") informed Plaintiff his employment with the company was terminated.  Specifically, Kraftchick explained that the company decided that there needed to be some layoffs and that it was an "easy choice" to layoff Plaintiff because of his most recent performance assessment, which was performed by supervisors whom Plaintiff did not report to.

24.     Shortly thereafter, Plaintiff spoke with Coe, one of two supervisors who conducted the performance assessment.  Coe explained to Plaintiff that a large factor in the assessment was Plaintiff's attendance, which heavily considered his FMLA leave.

25.     Plaintiff has previous earned high scores on his performance assessments, usually a 7 or 8 out of 10.

26.     Defendant's reasoning for terminating Plaintiff was primarily based on his absence during his FMLA leave, which directly violates the FMLA.

4

## Plaintiff's First Cause of Action

### (Violation of the FMLA – Interference)

27.     Plaintiff incorporates by reference Paragraphs 1 through 26 of his Complaint.

28.     Defendant interfered with Plaintiff's rights under the FMLA by unlawfully allowing co-workers, a manager, and a supervisor to harass Plaintiff to perform and/or assist with work while on leave.

29.     Defendant's actions were intentional, willful, and/or taken with reckless disregard of Plaintiff's rights under the FMLA.

30.     Plaintiff suffered damages as a result of Defendant's unlawful conduct.

## Plaintiff's Second Cause of Action

### (Violation of the FMLA - Retaliation)

31.     Plaintiff incorporates by reference paragraphs 1 through 30 of his Complaint.

32.     Defendant unlawfully retaliated against Plaintiff in violation of the FMLA by terminating his employment based on absences accrued during his approved FMLA leave.

33.     Defendant's actions were intentional, willful, and/or taken with reckless disregard of Plaintiff's rights under the FMLA.

34.     Plaintiff suffered damages as a result of Defendant's unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a)      An Order pursuant to the FMLA that Defendant reinstate Plaintiff to the position he held prior to the utilization of his medically certified FMLA leave, or to a comparable position with full seniority, benefits and wages, or front pay to Plaintiff in lieu thereof;

b)      An Order pursuant to the FMLA that the Defendant pay Plaintiff all lost wages, benefits, compensation, and monetary loss suffered because of Defendant's unlawful actions;

c)      An Order pursuant to the FMLA that Defendant pay Plaintiff liquidated damages;

d)      An Order awarding the costs of this action;

e)      An Order awarding reasonable attorneys' fees;

f)      An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

g)      An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.


                                Respectfully submitted,


                                /s/ Jason S. Chestnut
                                Philip J. Gibbons, Jr., NCSB #50276
                                Craig L. Leis NCSB #48582
                                Jason S. Chestnut NCSB #52066
                                **GIBBONS LEIS, PLLC**
                                14045 Ballantyne Corporate Place, Ste. 325
                                Charlotte, NC 28277
                                Telephone:     704-612-0038
                                Email: craig@gibbonsleis.com
                                        phil@gibbonsleis.com
                                        jason@gibbonsleis.com

                                *Attorneys for Plaintiff*

6