IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO: 1:20-cv-00826-LCB-JEP

ADAM W. HAYNES, )
)
       **Plaintiff,** )
)
v. )
)   **JOINT RULE 26(f) REPORT**
PITTSBURGH GLASS WORKS, LLC, )
)
       **Defendant.** )
)
)

1. Pursuant to Fed. R. Civ. P. 26(f) and LR 16.1(b), a meeting was held telephonically on **December 21, 2020** and was attended by Craig L. Leis, counsel for Plaintiff Adam W. Haynes, and Kristine M. Sims, counsel for Defendant Pittsburgh Glass Works, LLC.

2. **Discovery Plan**. The parties propose to the Court the following discovery plan. Discovery will be needed on the following subjects:

Plaintiff's allegations of interference with Plaintiff's rights under the FMLA, and the alleged unlawful retaliation and termination of Plaintiff. Discovery will also be needed regarding Defendant's defenses to the allegations and damages allegedly claimed by Plaintiff.

Discovery shall be placed on a case-management track established in LR 26.1. The parties agree that the appropriate plan for this case is that designated in LR 26.1(a) as **complex**.

The date for the completion of all discovery (general and expert) is **August 31, 2021**.

The parties will exchange initial disclosures under Rule 26(a)(1) by **January 22, 2020**. The parties may propound discovery requests **after service of the disclosures under Rule 26(a)(1).**

Interrogatories (including subparts) and requests for admissions are limited to **twenty-five (25)** in number for each party.

Counsel for the parties specifically discussed electronically stored information (ESI). The parties believe there is limited ESI possibly related to this matter. The parties will preserve information or materials, including electronically stored information (including email, cell phone text and call records, information on social media platforms, etc.) that a party reasonably should know may be relevant to this litigation or as may be otherwise agreed. Production of electronically stored information shall be discussed by counsel for the parties, or knowledgeable employees of the parties if necessary, prior to production to ensure that the information is produced in a form that maintains its integrity and is reasonably usable by the requesting party. If the information is reasonably usable in the form in which it is ordinarily maintained, then it shall be produced in the form in which it is ordinarily maintained. Should issues of reasonable accessibility, undue burden and cost, and good cause arise with respect to recovery of electronically stored information, the parties will negotiate regarding these issues, but reserve the right to seek a judicial resolution by filing a motion to compel or a motion for a protective order.

Each side (Plaintiff and Defendant) may take up to **five (5) fact witness depositions, or the equivalent of up to 35 hours of fact-witness depositions, and one (1) expert deposition.**

Stipulated modifications to the case management track include: **none beyond those identified above**.

Reports from retained experts under Rule 26(a)(2)(B) as well as service of expert disclosures required by Rule 26(a)(2)(C) are due as follows:

> **From Plaintiff by May 14, 2021**.
>
> **From Defendant by June 14, 2021**.

Rebuttal expert disclosures are to be made pursuant to Rule 26(a)(2)(D)(ii).

Supplementations under Rule 26(e) will be made at times that are appropriate and seasonal in light of the exigencies of the circumstances (e.g., sufficiently in advance of scheduled depositions to facilitate thorough attorney review), and in any event within **thirty (30) days** of learning that supplementation is required under Rule 26(e).

3. **Mediation**. Mediation should be conducted **on or before August 31, 2021**, the exact date to be set by the mediator after consultation with the parties. The parties agree to use **Griff Morgan** as the mediator in this case.

4. **Preliminary Deposition Schedule**. Preliminarily, the parties agree to the following schedule for depositions:

The parties anticipate that depositions will begin on or after an initial round of written discovery. Defendant intends to take Plaintiff's deposition following the receipt of

3

Case 1:20-cv-00826-LCB-JEP   Document 11   Filed 12/21/20   Page 3 of 6

Plaintiff's responses to Defendant's initial discovery requests. Plaintiff may depose one or more defense witnesses following the receipt of Defendant's responses to Plaintiff's initial discovery requests.

Depositions will be taken upon such dates and times as agreed upon by the parties, or as otherwise permitted by the Federal Rules of Civil Procedure, although it is agreed that they will be conducted no earlier than **provided above.** The parties prefer to take the depositions in person with necessary arrangements in light of the COVID-19 pandemic which includes ensuring a room large enough to allow for social distancing which may involve the necessity of renting a conference room in a local hotel or making other arrangements to provide for such social distancing. The party who notices the deposition will be responsible for ensuring a proper venue and assuming the costs of any such location. The parties, at their preference, may also take the deposition remotely/via video.

5. **Other items**.

Plaintiff should be allowed until **March 1, 2021**, to request leave to join additional parties or to amend pleadings.

Defendant should be allowed until **March 31, 2021**, to request leave to join additional parties or to amend pleadings.

After these dates, the Court will consider whether granting of leave to amend would delay trial.

The parties have discussed special procedures for managing this case, including reference of the case to a magistrate judge on consent of the parties under 28 U.S.C. 636(c),

4

or to appoint a master. **The parties do not agree to submit this case to a magistrate judge for trial.**

The parties are presently considering a proposed Consent Protective Order, which they anticipate reaching an agreement upon and subsequently submitting the same to the Court after it has been completed and executed.

Trial of the action is expected to take approximately **three (3) to four (4) days**. A jury trial **has** been demanded.

This the 21st day of December, 2020.

| | |
|---|---|
| **/s/ Craig L. Leis** | **/s/ Kristine M. Sims** |
| Craig L. Leis | Kristine M. Sims |
| NC State Bar No. 48582 | NC State Bar No. 26903 |
| Philip J. Gibbons, Jr. | Gerard M. Clodomir |
| NC State Bar No. 50276 | NC State Bar No. 54176 |
| GIBBONS LEIS, PLLC | CONSTANGY, BROOKS, SMITH & PROPHETE, LLP |
| 14045 Ballantyne Corporate Place, Suite 325 | 100 North Cherry Street, Suite 300 |
| Charlotte, North Carolina 28277 | Winston-Salem, NC 27101 |
| Telephone: (704) 612-0038 | Telephone: (336) 721-1001 |
| E-Mail: craig@gibbonsleis.com | Facsimile: (336) 748-9112 |
| phil@gibbonsleis.com | Email: ksims@constangy.com |
| | gclodomir@constangy.com |
| *Attorneys for Plaintiff* | |
| | *Attorneys for Defendant* |

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed this **JOINT RULE 26(f) REPORT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Craig L. Leis** (craig@gibbonsleis.com) and **Philip J. Gibbons, Jr.** (phil@gibbonsleis.com).

This the 21st day of December, 2020.

        **/s/ Kristine M. Sims**
        Kristine M. Sims
        NC State Bar No. 26903
        CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
        100 North Cherry Street, Suite 300
        Winston-Salem, NC 27101
        Telephone: (336) 721-1001
        Facsimile: (336) 748-9112
        Email: ksims@constangy.com

        *Attorney for Defendant*

7094122v.1